AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America<br>v.<br>Clem BEAUCHAMP<br><br>Defendant(s) | ) ) ) ) ) ) ) | Case No. 11-8071-JMH |

FILED by __TM__ D.C.
MAR - 3 2011
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __October 21, 2009__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 26 U.S.C. §§ 5861(d), (f) and (i). | The defendant did knowingly make and/or possess a "firearm" to wit, a silencer or muffler as defined under 26 U.S.C. § 5845(a)(7), which was not registered to him in the National Firearms Transfer Record, and which did not bear a serial number. |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
Complainant's signature

ATF Special Agent Daniel V. Dooley
Printed name and title

Sworn to before me and signed in my presence.

Date: __03/03/2011__

_____
Judge's signature

City and state: __West Palm Beach, Florida__

U.S. Magistrate Judge James M. Hopkins
Printed name and title

## AFFIDAVIT
Case No. 11- 8071-JMH

Your affiant, DANIEL V. DOOLEY, first being duly sworn, does hereby depose and state as follows:

(1) That I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATFE) and have been so employed for approximately ten and a half years. That prior to being an ATF agent I served as a Detective Investigator for seven years in the Kings County District Attorney's Office in Brooklyn, New York. Prior to that I served four years active duty in the United States Coast Guard. I have received specialized training regarding the investigation and enforcement of Federal Firearms violations and have conducted investigations regarding individuals involved in illegal firearms activities to include possession of a firearm by a convicted felon.

(2) This affidavit is based on your affiant's personal knowledge, court records, and interviews with law enforcement officers and witnesses. Not all of the facts known to me have been included in this affidavit, but only such facts that are necessary to establish probable cause to arrest, Clem BEAUCHAMP (hereinafter "BEAUCHAMP") for making and possession of an unregistered silencer without a serial number, in violation of Title 26, United States Code, Sections 5861(d), (f) and (I).

(3) On October 21, 2009, PBSO Deputy Lopez responded to Action Recovery located at 2158 Spafford Avenue in West Palm Beach regarding the discovery of a firearm and a homemade silencer inside the trunk of a repossessed vehicle. Upon further investigation it was learned that the firearm, a .22 caliber NEF model R92 revolver serial# NG017303 and the homemade silencer were recovered in a black bag along with a piece of foam encompassed in black tape, a black knit cap, a green Halloween type mask, 12 rounds of .22 caliber Remington ammunition inside a mint container, and a purple cigar tube containing suspected crack cocaine. It should be noted that the

foam encompassed in black tape fits comfortably over the cylinder to the revolver. The vehicle, a 2004 Ford Taurus license plate 1FATCAT was registered to Felicia BROWN at an address in Delray Beach Florida 33444.

(4) On October 21, 2009, Robert O'Grady, who repossessed the vehicle, gave a sworn statement to Deputy Lopez outlining the circumstances involving the actual repossessing of the vehicle. Mr. O'Grady stated he received a repo order for a Ford Taurus belonging to BROWN. Mr. O'Grady stated he responded to BROWN'S address located at 105 SW 7th Avenue in Delray Beach, Palm Beach County, Southern District of Florida, on several occasions, always observing a silver Dodge charger blocking the Ford Taurus in the driveway thus preventing him from repossessing BROWN'S vehicle. On this same day, he waited for a period of time away from the residence and then returned to find the silver Dodge charger had moved. At this time Mr. O'Grady repossessed the vehicle. Mr. O'Grady returned to Action Recovering and began to inventory the property inside the vehicle. He discovered a black bag inside the trunk that contained the items outlined in paragraph #2. Mr. O'Grady stopped the inventory and notified the Palm Beach County Sheriff's Office.

(5) On December 23, 2009, at approximately 2:00 p.m., S/A Dooley interviewed Tanya Buttorff at her place of employment, Action Recovery, located at 2158 Spafford Avenue in West Palm Beach. Ms. Buttorff stated she had a conversation with BROWN on October 28, 2009, when BROWN came to Action Recovery in order to pick up her vehicle. Ms. Buttorff stated to BROWN that a gun, drugs, and a mask were also found in her vehicle but were not listed on the inventory supplied to her on October 21, 2009. Ms. Buttorff recalled giving BROWN some advice by stating, "no man was worth going to jail for." Ms. Buttorff recalled BROWN replying that the gun, drugs and mask belonged to her boyfriend. Ms. Buttorff positively identified BROWN from her Florida State driver's license photograph.

(6) On April 30, 2010, shortly after 6:00 a.m., the Delray Beach Police Department's (DBPD) Tactical Unit and members of the ATF West Palm Beach Office conducted a Federal Search Warrant at BEAUCHAMP's residence located at 105 SW 7th Avenue in Delray Beach. Located inside the residence were BEAUCHAMP and Felicia BROWN. During the search gray foam pipe insulation and a role of black Nashua duct tape were discovered that were identical to the material used to make the homemade silencer. Marijuana and small plastic baggies were also recovered. BEAUCHAMP was arrested by Delray Beach Police for possession of marijuana with intent to sell. BEAUCHAMP was interviewed by S/A Dooley at the Delray Beach Police Department.

(7) During an audio recorded post-Miranda interview, BEAUCHAMP denied any involvement with manufacturing the homemade silencer or possessing the .22 caliber revolver. BEAUCHAMP stated the black bag (which had contained the homemade silencer, revolver, ammunition, Halloween mask, crack cocaine, and knit cap) did belong to him. BEAUCHAMP recalled receiving the bag when he purchased a motorcycle helmet from Motorsports in Delray Beach. He also admitted the knit cap was his and acknowledged he had purchased the Halloween mask for his son. BEAUCHAMP stated he touched and or wore these items and his DNA would likely be on them. BEAUCHAMP denied touching any of the other items inside the bag. BEAUCHAMP admitted to purchasing the black duct tape from either Home Depot or Wal-Mart approximately one year ago and purchasing the gray pipe insulation tubing approximately nine months ago. BEAUCHAMP admitted that the bag of marijuana found inside his dresser drawer was his but denied the clear plastic baggies found in a shoe box in the back yard belonged to him. BEAUCHAMP acknowledged owning the residence and was living there with Felicia Brown during the time her vehicle was repossessed. BEAUCHAMP stated he had been Felicia's boyfriend for the

preceeding four to five years. BEAUCHAMP acknowledged having a felony conviction for aggravated assault stemming from an arrest for robbery while masked. BEAUCHAMP initially agreed to give an oral standard of his DNA but later retracted his consent at the conclusion of the interview.

(8) Based on records obtained from the Palm Beach County Circuit Court (PBCCC), your affiant is aware that at all times material hereto, BEAUCHAMP was a convicted felon. Specifically, PBCCC records establish that BEAUCHAMP was convicted in Case No. #95-7708CFA02 of aggravated assault with a firearm, a felony, on July 12, 1996, in a case stemming from an arrest for armed robbery while wearing a mask.

(9) On March 8, 2010, your affiant received an ATF Firearms Technology Branch report of technical examination from Firearms Enforcement Officer (FEO) Michael Curtis. FEO Curtis concluded that the NEF .22 caliber revolver Model R92 serial #NG017303 is a "firearm" as defined in Title 18, United States Code, Section 921(a)(3). The "homemade silencer" by design, construction, and function, is a device for silencing or diminishing the report of a firearm, and is therefore classified as a firearm "muffler" or "silencer" as defined under Title 18, United States Code, Section 921(a)(24) and constitutes a "firearm" for purposes of the National Firearms Act, Title 26, United States Code, Section 5845(a)(7). FEO Curtis concluded the "homemade silencer" was constructed from window and door insulating foam sealant, black electrical type tape and a terry cloth towel.

(10) In August, 2010, a DNA standard sample from obtained from BEAUCHAMP pursuant to a federal search warrant. Subsequent analysis and comparison of DNA recovered from towel material utilized in constructing the improvised silencer by DNA Labs International, a nationally accredited DNA testing facility, with BEAUCHAMP's known DNA standard determined

that "Clem BEAUCHAMP . . . cannot be excluded as a contributor to this DNA profile. The chance that a person chosen at random from the general population, matches this DNA profile is approximately 1 in every 20,000 individuals." Additionally, as to DNA recovered from a section of grey foam material utilized in the construction of the improvised silencer described above, the DNA Labs International forensic report determined that "Clem BEAUCHAMP . . . cannot be excluded as a contributor to this DNA profile. The chance that a person, chosen at random from the general population, matches this DNA profile is approximately 1 in every 160 individuals."

(10)  On the basis of your affiant's training and experience as a Special Agent for the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives, your affiant knows it is unlawful for a person to possess a "firearm" as outlined or described in Title 26, United States Code, Section 5845, unless it is registered in the National Firearms Registration and Transfer Record (NFRTR), and that is further unlawful for a person to possess such "firearm" that is not identified with a serial number.

(12)  Your affiant is aware that based an examination of the National Firearms Registration and Transfer Record by ATFE Investigator Mathew Busey, that BEAUCHAMP does not have any "firearms" registered to him in the NFRTR. In addition, your affiant is aware that since the home made silencer referenced above had no serial number, such could not be legally registered in the NFRTR to anyone.

(14)  On the basis of the foregoing facts, your affiant submits that there is probable cause

to charge Clem BEAUCHAMP with violations of Title 26, United States Code, Sections 5861(d), (f) and (I).

>   FURTHER YOUR AFFIANT SAITH NAUGHT.

>   DANIEL V. DOOLEY
>   Special Agent
>   Bureau of Alcohol, Tobacco, Firearms
>   and Explosives

SUBSCRIBED TO AND SWORN BEFORE ME
THIS 3rd DAY OF MARCH, 2011, AT WEST
PALM BEACH, FLORIDA.

JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No.  11-8071-JMH

**UNITED STATES OF AMERICA**

vs.

**CLEM BEAUCHAMP,**

   **Defendant.**
_____/

**CRIMINAL COVER SHEET**

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes  _X_ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? _____ Yes  _X_ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY: _____
JOHN C. McMILLAN, JR.
ASSISTANT UNITED STATES ATTORNEY
Admin. No. A5500228
500 S. Australian Avenue, Suite 400
West Palm Beach, FL 33401-6235
Tel: (561) 820-8711
Fax: (561) 820-8777
John.McMillan@usdoj.gov