UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-8071-JMH

UNITED STATES OF AMERICA,

    Plaintiff,

vs

CLEM BEAUCHAMP,

    Defendant.
_____/

## DETENTION ORDER

Pursuant to Title 18, U.S.C. § 3142(f), on March 9, 2011, a hearing was held to determine whether the Defendant, CLEM BEAUCHAMP, should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this Defendant as required and the safety of any other person and the community. Therefore, it is hereby ordered that the Defendant, CLEM BEAUCHAMP, be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(I), the Court hereby makes the following findings of fact and statement of reasons for the detention:

    1. The Defendant is charged with possession of a silencer.

Therefore Defendant is charged with a crime of violence offense. 18 U.S.C. § 3142(g)(1).

    2. The weight of the evidence against the Defendant is substantial. On October 21, 2009, local police responded to Action Recovery. The police found a gun and silencer,

mask, ammunition and black tape in the trunk of a repossessed vehicle.

The vehicle was registered to Felicia Brown at 105 S.W. 7 Avenue. That house is owned by the Defendant. The tow truck driver told the police that he had tried to repossess the vehicle from the house several times but it was always blocked in by another car registered to the Defendant. On December 23, 2009 police interviewed the Action Recovery employee who spoke to Ms. Brown when she came to pick up the car. Ms. Brown advised the employee of the tow yard that the gun and silencer belonged to her boyfriend.

On April 30, 2010, ATF executed a search warrant at Defendant's house at 6 am. Inside the residence were Ms. Brown and the Defendant. Police seized black duct tape and grey insulation tubing similar to that used on the silencer and some marijuana. The Defendant denied owning the silencer but said all the other items in the trunk belonged to him. The Defendant admitted owning the black duct tape and grey foam insulation found in his residence. Both the black duct tape and grey foam insulation were used to construct the silencer. None of that insulation was in use at the residence on air conditioners or otherwise.

The Defendant admitted he was Felicia Brown's boyfriend and had been for a few years.

DNA on the grey foam and a travel material used in the silencer contained DNA that could not exclude the Defendant. Further DNA testing is underway.

A computer in the residence with username, "champ," made repeated searches on how to make a silencer. These searches were done as early as October 22, 2009. Further computer examination is underway.   18 U.S.C. 3142(g)(2).

3. The pertinent history and characteristics of the Defendant are as follows: The Defendant is a United States Citizen and has lived locally all his life. He is single but has three children with girlfriend, Michelle Dent. The Defendant does not work but has previously worked washing cars and doing yard work. He inherited a home locally worth $86,000. The Defendant uses marijuana. He has a criminal record for robbery, aggravated assault, resisting arrest and possession of marijuana. The Defendant has a prior failure to appear in court (Govt. Exhibit 1).

The Defendant is a suspect in the murder of Felicia Brown in August 2010 and her two children in 2011. 18 U.S.C. §3142 (g)(3)(A) and (B).

Based on his prior failure to appear, the undersigned believes that he would not appear if released on bond prior to trial. 18 U.S.C. § 3142(g)(3)(A) and (B).

4. The Defendant continues to engage in criminal conduct and is likely to do so if released. Accordingly, the Defendant constitutes a danger to other persons or the community. 18 U.S.C. § 3142(g)(4).

5. The Court specifically finds that there are no conditions or combination of conditions which reasonably will assure the Defendant's appearance as required and the safety of any other person and the community. 18 U.S.C. § 3142(e).

Based on the above findings of fact, which were supported by clear and convincing evidence, the Court has concluded that this Defendant presents a danger to the community. Based on the above findings of fact, which were supported by the preponderance of the evidence, the Court has concluded that this Defendant presents a risk of flight.

The Court hereby directs:

1. That the Defendant be committed to the custody of the Attorney General for the

confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That the Defendant be afforded reasonable opportunity for private consultation with counsel; and

3. That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED this 9th day of March, 2011 at West Palm Beach, Florida.

*Linnea Johnson*
LINNEA R. JOHNSON
UNITED STATES MAGISTRATE JUDGE

cc:   All Counsel of Record